```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

QUINN LUNDGREN EAKER         §
                             §
                             §     CIVIL NO.4:14-CV-515-Y(BJ)
                             §
VS.                          §
                             §
TD AUTO FINANCE, et al.      §

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER</u>

In this case, Plaintiff has filed a civil case with an application/motion for leave to proceed *in forma pauperis*. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

A. NATURE OF THE CASE

 This case is a new civil action.

B. PARTIES

The plaintiff is Quinn Lundgren Eaker. The lead defendant is identified as TD Auto Finance LLC.

C. LEGAL ANALYSIS

Plaintiff accompanied the complaint with an application/ motion to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq*. Because the information in the document appeared inconsistent with

---

[1] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

the claims made the basis of this case, and because he did not verify that the information in the application was true under penalty of perjury, the Court issued a deficiency order, directing that Eaker provide a fully completed long-form application to proceed in forma pauperis, including completion of the "Affidavit in Support of the Application," which includes in part "I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims."

In response, Eaker filed on July 8, 2014, two pages of the application. On July 9, 2014, Eaker filed the other three pages with handwritten attachments. A review of those papers (ECF Nos. 6 and 7) reveals that Eaker, once again, did not sign the "Affidavit" assuring this Court that the information was true under "penalty of perjury." Also, on July 8, 2014, the undersigned received a letter from Eaker, which is attached hereto as an exhibit. In that document, Eaker writes additional information about his alleged pauper status, but nowhere does he verify that such information is true and correct under the penalty of perjury. Because the IFP application and related papers submitted by Eaker were not submitted as true under penalty of perjury, he has not provided information sufficient to enable the Court to make a determination as to whether he qualifies--that is "an affidavit that includes a statement of all assets . . . [and] that the person

is unable to pay such fees or give security therefor"[2]--and thus, the motion/application to proceed in forma pauperis must be denied.

RECOMMENDATION

For all of the above reasons, it is therefore RECOMMENDED that the motions/applications to proceed in forma pauperis [docket nos. 2, 6, and 7] be DENIED by the district judge.

It is further RECOMMENDED that the district judge inform Plaintiff that the complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiff pays to the clerk of Court the filing and administrative fees of $400.00[3] within seven (7) days after the district judge's order.

NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 7, 2014.

---

[2] 28 U.S.C. § 1915(a)(1)(West 2006).

[3] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. See 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiffs are granted until August 7, 2014 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED July 17, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

4